```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHRISTOPHER TIRMAN and
STEPHEN VARRICCHIO,
                                                              Civil Action No.:
                        Plaintiffs,
                                                              COMPLAINT
        - against -

SOUTHPORT CONSTRUCTION, INC.,
and ANTHONY MASSIMINO,

                        Defendants.
-----------------------------------------------------------X
```

## INTRODUCTION

1. Plaintiffs Christopher Tirman and Stephen Varricchio allege that Defendants violated the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, to pay them overtime premium pay for all hours worked in excess of forty per week, and that Defendants acted in a manner that was willful and without good faith.

2. Plaintiffs further allege that Defendants' failure to pay compensation for all hours worked was made with a reckless disregard for Plaintiff's rights and in violation of the New York Labor Law ("NYLL") sections 650 *et seq.*, including Part 142, section 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

## JURISDICTION AND VENUE

3. This Court's jurisdiction is based upon 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (Federal Question). Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because those derive from a common nucleus of operative

facts. In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue is appropriate under 28 U.S.C. § 1391(b)(2) (Substantial Part of the Events and Contacts), as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district. In addition, Defendants regularly conduct business in this district and are subject to personal jurisdiction in this district.

## PARTIES

5. Plaintiff, Christopher Tirman ("Tirman") is a resident of Sayville, New York.

6. Tirman was employed by the Defendants as a plumber from on or about September 2009 to on or about June 2015.

7. Plaintiff, Stephen Varricchio ("Varricchio") is a resident of Ronkonkoma, New York.

8. Varricchio was employed by the Defendants as a driver/laborer from on or about 2001 to on or about June, 2015 with some interruptions in his employment during this time period.

9. The Defendant, Southport Construction Inc. ("Southport") is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. The Defendant, Anthony Massimino ("Massimino"), is an individual residing in the State of New York.

11. At all relevant times, Massimino was and still is a corporate officer/director, and or managing agent of Southport who has and continues to participate in the day to day operations of Southport. At all times relevant, Massimino exercised operational control over Southport, controlled significant business functions of Southport, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Southport in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the

employees. As such, at all relevant times, Massimino has been an employer under the FLSA and the New York Wage and Hour Law.

## FACTS

12. At all times relevant to this action, Tirman was employed as a plumber for the benefit of and at the direction of Defendants.

13. Tirman's responsibilities included running plumbing pipes in residential homes.

14. During his employment, Tirman generally worked five days a week.

15. During his employment, Tirmans' work schedule was as follows: Monday through Friday from 6:30 a.m. to about 6:00 p.m.

16. During his employment, Tirman was given a ½ meal break each day.

17. During his employment, Tirman worked a minimum of 55 hours each week.

18. During his employment, Tirman was paid by the day.

19. During his employment, Tirman was paid partly in cash and partly by check.

20. During his employment, the Defendants did not pay Tirman overtime compensation.

21. During his employment, the Defendants did not pay Tirman one and a half times his regular rate of pay when he worked more than 40 hours each week.

22. During the course of Tirman's employment, the Defendants failed to maintain accurate time records for the hours that Tirman worked.

23. At all times relevant to this action, Varricchio was employed as a driver/laborer for the benefit of and at the direction of Defendants.

24. Varricchio's responsibilities included driving trucks, cleaning up, and assisting the other workers with general labor.

25. During his employment, Varricchio generally worked five days a week.

26. During his employment, Varricchio's work schedule was as follows: Monday through Friday from 6:30 a.m. to 6:30 p.m.

27. During his employment, Varricchio was given a ½ hour meal break each day.

28. During his employment, Varricchio worked a minimum of 57.5 hours each week.

29. During his employment, Varricchio was paid by the day.

30. During his employment, Varricchio was paid part of his wages in cash and part by check.

31. During his employment, the Defendants did not pay Varricchio overtime compensation.

32. During his employment, the Defendants did not pay Varricchio one and a half times his regular rate of pay when he worked more than 40 hours each week.

33. During the course of Varricchio's employment, the Defendants failed to maintain accurate time records for the hours that Varricchio worked.

34. Defendants managed Plaintiffs' employment, including the amount of overtime worked.

35. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

36. Defendants were aware of Plaintiffs' work hours, but failed to pay Plaintiffs the full amount of wages to which they were entitled for this work time under the law.

37. Defendants' failures to pay proper wages in a timely manner have been made without good faith, willfully, and with a reckless disregard for Plaintiffs' rights; and Plaintiffs have been damaged by such failures.

38. During their employment, the plaintiffs were not exempt from the overtime provisions of the FLSA or the NYLL.

4

## COUNT I
## FLSA Overtime Claim

39. At all times relevant to this Complaint, the corporate Defendant has been and continues to be, an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

40. At all times relevant to this Complaint, the corporate Defendant has "employed" Plaintiffs suffering or permitting them to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

41. At all times relevant to this Complaint, the corporate Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. § 203(s)).

42. At all times relevant to this Complaint, the gross annual volume of sales made or business done by the corporate Defendant during the years 2014, 2013, and 2012 was not less than $500,000.00.

43. Defendants' failures to pay overtime wages to Plaintiffs for such work violates the FLSA (29 U.S.C. § 207).

44. Defendants' failures to provide required compensation for all hours worked by Plaintiffs are willful violations within the meaning of FLSA (29 U.S.C. § 255(a)).

45. Defendants' repeated and intentional failures to provide required compensation for all hours worked by Plaintiffs were not made in good faith within the meaning of the FLSA (29 U.S.C. § 260).

46. As a result of Defendants' violations of the FLSA, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## NYLL Overtime Claim

47. At all times relevant to this Complaint, the Defendants were an "employer" of the Plaintiffs within the meaning of the NYLL and the regulations pertaining thereto.

48. At all times relevant to this Complaint, the Plaintiffs were "employees" of the Defendants within the meaning of the NYLL and the regulations pertaining thereto.

49. At all times relevant to this Complaint, the Defendants employed the Plaintiffs suffering or permitting them to work within the meaning of NYLL and the regulations pertaining thereto.

50. Defendants failed to pay overtime premiums to the Plaintiffs for all such work hours in excess of 40 hours per workweek, in violation of the NYLL and the regulations pertaining thereto.

51. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to the Plaintiffs' rights.

52. As a result of Defendants' violation of the NYLL and the regulations promulgated therein, the Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that this Court

(A) Determine the damages sustained by the Plaintiffs as a result of Defendant's violations of 29 U.S.C. § 207, and award those damages against Defendants and in favor of Plaintiffs, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b);

(B) Determine the damages sustained by the Plaintiffs as a result of Defendants' violations of the NYLL and the regulations pertaining thereto, and award those damages

against Defendants and in favor of Plaintiffs, and liquidated damages, such pre-judgment and post-judgment interest as may be allowed by law; as well as restitution;

(C) Award Plaintiffs costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees.

(D) Grant Plaintiffs such other and further relief as this Court may deem just and proper.

Dated: Westbury, New York
December 15, 2015

Neil H. Greenberg & Associates, P.C.
By: Neil H. Greenberg, Esq.
Attorneys for the Plaintiff's
900 Merchants Concourse, Suite 314
Westbury, New York 11590
(516) 228-5100

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in **Varricchio v. Southport Construction Inc. and Anthony Massimino** in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Westbury, New York
October 22, 2015

X _____
Stephen Varrichio

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in **Tirman v. Southport Construction Inc. and Anthony Massimino** in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Westbury, New York
       October 14, 2015

*[signature]*

**Christopher Tirman**